PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT LEE CHILDRESS, JR., | ) | |
| | ) | CASE NO. 4:14cv690 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| JOE COAKLEY, WARDEN, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** |

*Pro se* Petitioner Robert Lee Childress, Jr. filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), alleging that he is being denied jail credit in violation of the Double Jeopardy Clause of the Constitution. On July 3, 2014, the case was referred to Magistrate Judge Kathleen B. Burke for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(2). On July 16, 2015, the magistrate judge submitted a report and recommendation (ECF No. 12) recommending that the petition be denied.

Fed. R. Civ. P. 72(b)(2) provides that objections to a report and recommendation must be filed within 14 days after service. Objections to the magistrate judge's Report were, therefore, due on August 3, 2015.[1] Petitioner has not filed any objections to the magistrate judge's report and recommendation.[2] Any further review by the Court would be a duplicative and inefficient

---

[1] Under Fed. R. Civ. P. 6(d), three days must be added to the fourteen-day time period because Petitioner was served the Magistrate Judge's Report by mail. *See Thompson v. Chandler*, 36 F. App'x. 783, 784 (6th Cir. 2002).

[2] On February 19, 2015, Petitioner notified the Court of a change in his address. ECF No. 11. The BOP Inmate Locator shows that Petitioner may have moved since filing that notice,

(4:14cv690)

use of the Court's limited resources.  *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  Accordingly, the Court hereby adopts the magistrate judge's Report and Recommendation.  Petitioner Robert Lee Childress, Jr.'s Petition for a Writ of Habeas Corpus is denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).


IT IS SO ORDERED.


| August 19, 2015 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |

---

but he has not filed another notice of address change.  *See* http://www.bop.gov/inmateloc (last visited August 10, 2015).   The copy of the report and recommendation sent to the most recent address shown on the BOP Locator was returned to sender.  ECF No. 13.  It is the party, not the court, who bears the burden of apprising the court of any changes to his mailing address. *See Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) (citing *Casimir v. Sunrise Fin., Inc.*, 299 F. App'x. 591, 593 (7th Cir. 2008) (affirming district court's denial of Rule 60(b) motion where movants claimed due to house fire they did not receive mail informing them of court's entry of summary judgment); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit."); *Watsy v. Richards*, 1987 WL 37151, at *1 (6th Cir. April 20, 1987) (affirming dismissal for failure to prosecute when appellant failed to provide district court with "current address necessary to enable communication with him")).

2